UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN C. THOMPSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19-CV-2301 CAS |
| JOSEPH MARCANTANO, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Kelvin C. Thompson for leave to proceed *in forma pauperis* in this civil action.[1] Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. *See* 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim and for frivolity.

---

[1]This case is one of fourteen cases that plaintiff has filed in this Court since July 11, 2019. The other cases are: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department,* No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019); and *Thompson v. FBI*, 4:19-CV-2355-SNLJ (filed Aug. 15, 2019).

Twelve of these cases have been dismissed upon initial review, as of the date of this order. A review of plaintiff's litigation history in this Court indicates that most, if not all, of plaintiff's cases appear to be factually frivolous in nature. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff brings this action against Sergeant Joseph Marcantano of the St. Louis Metropolitan Police Department. Plaintiff invokes this Court's federal question jurisdiction, and states he brings his case pursuant to Title VI of the Civil Rights Act of 1964; Title II of the Americans with Disabilities Act of 1990; the Rehabilitation Act; 18 U.S.C. §§ 241-242, 245; Title VII of the Civil Rights Act; the Civil Rights Act of 1866 (42 U.S.C. § 1981); and 34 U.S.C. § 12601.

Plaintiff states that in August 2019, after dropping off his daughter at work, he was in a minor motor vehicle accident in the City of St. Louis with a "white lady" whose vehicle had a Florida license plate. Doc. 1 at 5. Plaintiff describes himself as an "African American man." After the accident, while exchanging insurance information, the discussion between plaintiff and the lady became heated and plaintiff left. The following day, when plaintiff was picking up his daughter from work, he saw the same lady again. He confronted her, accused her of harassing and stalking him, and then he called 911 because he felt threatened. When a St. Louis police officer arrived, plaintiff explained the previous day's motor vehicle accident and that he felt the lady was harassing and stalking him and/or his daughter. *Id.* After the police officer spoke to the lady, the officer told plaintiff the lady was a guest in a nearby hotel and that was why she was in the same general vicinity as plaintiff's daughter's work location for two days in a row. Plaintiff asserts that the lady was lying, and the police officer should not have believed her. Unsatisfied, plaintiff drove to a nearby police precinct. He again called 911 out of fear for his safety. The 911 operator contacted the precinct and sent Sergeant Marcantano to the window. Marcantano also told plaintiff the lady was a guest at the nearby hotel and refused to write up a police report on the incident.

In summary, plaintiff alleges that multiple police officers, including defendant Sergeant Marcantano, failed to make a police report after plaintiff reported that a woman hit his car and

3

harassed and stalked him and/or his daughter. He characterizes the refusal to make a police report as a "blatant example of racial discrimination, civil rights violations, and of Police bonding together [and] conspiring to deny every citizen[']s right to be protected and fairly treated." Doc. 1 at 6. Plaintiff states that he believes if he were a white person making the same allegations, a police report would have been made. He asks the Department of Justice and this Court to "reprimand, fire, fine and punish all the racist, rogue, police officers in the St. Louis Metropolitan Police Department." He seeks "$100,000 in actual damages and $1,000,000 million in punitive damages." *Id.* at 6-7.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. Plaintiff states he brings this action pursuant to various federal statutes, but none provide him with a plausible cause of action under the facts as alleged. There is no allegations plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore, Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that the defendant purposefully and intentionally discriminated against him because of his race, color, or national origin. As a result, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and 42 U.S.C. § 1981 are unavailing. There is no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute. *Horde v. Elliot,* 2018 WL 987683 (D. Minn. Jan. 9, 2018). Similarly, 18 U.S.C. §§ 241-242 and 245 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241[.]"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, at *1

(D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action).

Plaintiff alleges that a state actor violated his civil rights. Therefore, his exclusive federal damages remedy lies in 42 U.S.C. § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989) (Section 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor). However, the Court has considered whether plaintiff has stated a viable claim under 42 U.S.C. § 1983, and concludes he has not.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has named Sergeant Joseph Marcantano as the sole defendant. Liberally construing the allegations of plaintiff's complaint, plaintiff seems to be making an equal protection claim based on alleged racial discrimination. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (quotations and citation omitted).

The Equal Protection Clause provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the equal protection clause . . . is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350, 352 (1918). Unequal treatment of "those who are entitled to be treated alike[] is not a denial of equal protection unless there is shown to be present in it an element of intentional or

5

purposeful discrimination." *Batra v. Board of Regents of Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996) (*quoting Snowden v. Hughes*, 321 U.S. 1, 8 (1944)). "The good faith of [state] officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party." *Sunday Lake*, 247 U.S. at 353 (citations omitted). Plaintiff's allegations must show purposeful discrimination – it is not enough for plaintiff to characterize an official's decision as "unequal." *Snowden*, 321 U.S. at 10.

Here, plaintiff's allegations against Marcantano do not show any purposeful discrimination. Plaintiff's assertion that the lady, who had out-of-state license plates, was lying when justifying her presence by stating that she was staying a nearby hotel, has no basis in fact. Plaintiff's accusations of harassment and stalking by the lady are clearly baseless. Therefore, Marcantano's refusal to write a police report is easily explainable and creates no inference of discrimination. Plaintiff's assertion that Marcantano treated him differently based on his race has no basis in fact.

As a final matter, the Court notes that the allegations in the complaint are duplicative of allegations plaintiff set forth in the complaint he filed against the St. Louis Metropolitan Police in an earlier action. *See Thompson v. St. Louis Metropolitan Police Dep't,* No. 4:19-CV-2300-CDP, Doc. 1. Although plaintiff names one specific police officer here, and the other suit names the police department as a whole, the factual allegations are the same. The Court in that case found those same factual allegations failed to state a claim, and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B). While the dismissal of the earlier action "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993)

(§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Thompson v. St. Louis Metropolitan Police Dep't,* No. 4:19-CV-2300-CDP has res judicata effect and establishes that this subsequent and nearly identical complaint is frivolous for § 1915(e) purposes. The complaint is subject to dismissal on this basis as well.

For all the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 3]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of August, 2019.